UNITED STATES DISTRICT
COURT: MIDDLE DISTRICT
OF FLORIDA

MICHAEL CASTILLO,   Case No. 8:22-cv-871

    Plaintiff,

vs.

MIKE CARTER CONSTRUCTION, INC.,

    Defendant.

_____/

# COMPLAINT

Plaintiff MICHAEL CASTILLO, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendant MIKE CARTER CONSTRUCTION, INC. (hereinafter "Defendant"), a Florida Profit Corporation, and says:

## JURISDICTION AND VENUE

1.    This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of the Age Discrimination in Employment Act ("ADEA")(Title III); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); and the Florida Civil Rights Act of 1992, Florida Statutes, § 760, et seq. ("FCRA"); to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of age as well as retaliation based on that discrimination, and The Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11.

2.    This Court has jurisdiction of the claims herein pursuant to the FCRA and concurrent jurisdiction with United States District Courts to adjudicate federal claims and supplemental jurisdiction over the Florida State claims.

3. The claims asserted in this Complaint arose in Bradenton, Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court since Plaintiff was employed by Defendant in Bradenton, Florida.

## PARTIES

5. Plaintiff at all times pertinent to this complaint resided within Trinity, Florida.

6. Plaintiff is over the age of eighteen. Plaintiff was sixty-five years old and/or a member of a protected class.

7. At all relevant times, Plaintiff was 65 years old and/or a member of a protected class. He is therefore a member of a class protected under ADEA, Title VII, and the FRCA, because the terms, conditions, and privileges of her employment were altered because of her national origin.

8. Defendant was a "person" and/or an "employer" pursuant to the ADEA, Title VII, and the FCRA since it employs fifteen (20) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

9. At all times material hereto Defendant was an "employer" within the meaning of the FCRA.

10. At all times material hereto, Plaintiff was an "employee" within the meaning of Title VII and the FCRA.

11. Plaintiff is a sixty-six year-old male and is a member of a class of persons at/or above the age of (40) protected from discrimination in his employment under ADEA, Title VII, and the FRCA.

12. Defendant is a Florida Profit Corporation organized and existing in Florida with its principal place of business in Bradenton, Florida.

13. Defendant has, at all times material, employed 20 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with ADEA, Title VII, and the FCRA.

14. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission.

15. That under a work sharing agreement between the EEOC and the FCHR, a charge with the EEOC is considered dual filed with the FCHR.  Similarly, a charge filed with the FCHR or a local agency within the State of Florida is considered dual filed with the EEOC.

16. Plaintiff's Charge was filed on or about February 08, 2021. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge and said Charge is timely under Federal Law.

17. Plaintiff's Charge was filed on or about February 08, 2021.  The actions complained of herein occurred within 365 days thereof and/or continued from that date stemming from the same actions set forth in the Charge and said Charge is timely under State Law.

18. Plaintiff was constructively terminated and actually terminated from his position on November 30, 2020. His Charge was therefore timely filed.

19. Plaintiff was issued a Notice of Right to Sue letter on January 28, 2022.

20. A Notice of Right to Sue satisfies conditions precedent under both Federal law and State law.

21. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation under Federal Law and the one-year time-period under State Law. *See Woodham v. Blue Cross & Blue Shield of Fla.*, 829 So. 2d 891 (Fla. 2002)

22. All other conditions precedent to this action have been performed or have been waived.

## **GENERAL ALLEGATIONS AND FACTS**

23. Plaintiff, a sixty-six year-old individual that was hired by Defendant on or about January 21, 2020 to be a Superintendent earning an estimated $70,000.00 annually.

24. Plaintiff possessed the necessary qualifications for his position with Defendant.

25. On or about March 2020, Plaintiff became the victim of snide remarks pertaining to his age by a manager named Steve Gunell since Plaintiff was the oldest employee. Mr. Gunell would constantly tell Plaintiff that he should stay home due to the potential impacts Covid-19 would have on someone his age.

26. The manager Steve Gunnell would not make these same remarks to other employees who were in their 40s or younger.

27. Mr. Gunell during the above time period would often tease Plaintiff with the notion that if Plaintiff were to get too excited, he would sustain a heart attack.

28. On or about April 2020, Mr. Gunell told Plaintiff that he should be careful not to hurt himself since he is much older and could have a heart attack. Mr. Gunell during this time period would regularly make comments similar to the aforementioned.

29. In making these comments, Mr. Gunnell would constantly emphasize that Plaintiff's age made his ability to complete his work difficult if not impossible,

30. Mr. Gunnell's consistent comments from March 2020 through April 2020 were both insulting and made it known, according to Defendant, that Plaintiff's age would affect his ability to perform his essential job duties. Plaintiff despite his age was fully able to perform his job duties,

31. On or about October 13, 2020, Plaintiff was attempting to move a fire hydrant meter and accidentally injured his knee. Consequently Plaintiff advised his employer of the injury and was told to work on an as limited basis by medical professionals due to his injury.

32. After the aforementioned occurrence, Mr. Gunell began scolding Plaintiff for mistakes that other younger subcontractors were making as it was Defendant company's position that Plaintiff's age interfered with his job performance.

33. On or about November 25, 2020, Plaintiff was advised to turn in documents pertaining to a project he was currently working on at a job site, which was something

34. On or about November 30, 2020, Plaintiff was terminated by Mr. Gunell. Mr. Gunell alleged that Plaintiff was making too many mistakes and claimed that the mistakes were unforgivable.

35. This was pretextual since these alleged mistakes were not made by Plaintiff; rather, ironically, they were made by younger workers.

36. Plaintiff at that time had 45 years' worth of experience and, again, the mistakes were specifically made by subcontractors that Mr. Gunell hired.

37. Additionally, Plaintiff was terminated a week after he was medically cleared to work full-time and was replaced on his current work site by a 40 year-old employee named Shane Doe.

38. This termination was improper in all regards.

39. Plaintiff's age was the motivating factor in Defendants' decision for the termination of Plaintiff and any reason given by Defendant to justify Plaintiff's termination is mere pretext used to deny Plaintiff's age as the motivating factor for his termination. .

40. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
## AGE DISCRIMINATION UNDER TITLE III OF THE ADEA

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-40 of this complaint as if set out in full herein.

42. Plaintiff can successfully establish a *prima facie* case of employment discrimination based on age by showing that: (i) that he was a member of a protected class (age 66) (DOB XX/XX/55) protected by the ADEA (an "individual at least 40 years of age," 29 U.S.C. § 631 (a)); (ii) that he was otherwise qualified for his position with Defendant: (iii) that he suffered an adverse employment action when he was terminated; and (iv) that the adverse employment actions occurred under circumstances giving rise to an inference of age discrimination.

43. Defendant cannot provide a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

44. Plaintiff can successfully demonstrate that there is no factual basis to attribute to his mistakes that resulted in his termination. Defendant's rationale for terminating Plaintiff is a mere pretext for discrimination.

45. Plaintiff can produce evidence which would permit a reasonable finder of fact to conclude that age was the 'but-for' cause of the challenged adverse employment actions.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Award any other compensation allowed by law including punitive damages

E. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

G. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### HOSTILE WORK ENVIRONMENT UNDER TITLE III OF THE ADEA

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-45 of this complaint as if set out in full herein.

47. Plaintiff is a member of a protected class under the ADEA.

48. As part of its protections, the ADEA protects the rights of employees to work in a safe workplace free from harassment or abuse.

49. The conduct to which Plaintiff was subjected to, as outlined above, was severe, pervasive, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of the ADEA.

50. The harassing conduct Plaintiff was subjected to was perpetrated against him as a result of being (65) years-old.

51. The harassment Plaintiff was subjected to rose to a level that would dissuade a reasonable worker from making or supporting a charge of discrimination.

52. Defendant's alleged bases for the adverse conduct against Plaintiff are pretextual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of their conduct.

53. As a result of the hostile work environment to which Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Award any other compensation allowed by law including punitive damages

E. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

G. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## RETALIATION UNDER ADEA

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-53 of this complaint as if set out in full herein.

55. Plaintiff is a member of a protected class under the ADEA.

56. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the ADEA.

57. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that

discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

58. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

59. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

60. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

61. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C.    Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    D.    Award any other compensation allowed by law including punitive damages

    E.    Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    F.    Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    G.    Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## AGE DISCRIMINATION UNDER FCRA

62.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-61 of this complaint as if set out in full herein.

63.    Plaintiff can successfully establish a *prima facie* case of employment discrimination based on age by showing that: (i) that he was a member of a protected class (age 66) (DOB XX/XX/55) protected by the FCRA (an "individual at least 40 years of age," 29 U.S.C. § 631 (a)); (ii) that he was otherwise qualified for his position with Defendant: (iii) that he suffered an adverse employment action when he was terminated; and (iv) that the adverse employment actions occurred under circumstances giving rise to an inference of age discrimination.

64. Defendant cannot provide a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

65. Plaintiff can successfully demonstrate that there is no factual basis to attribute to his mistakes that resulted in his termination. Defendant's rationale for terminating Plaintiff is a mere pretext for discrimination.

66. Plaintiff can produce evidence which would permit a reasonable finder of fact to conclude that age was the 'but-for' cause of the challenged adverse employment actions.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Award any other compensation allowed by law including punitive damages

E. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

G. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
## HOSTILE WORK ENVIRONMENT UNDER FCRA

67. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-66 of this complaint as if set out in full herein.

68. Plaintiff is a member of a protected class under the FCRA.

69. As part of its protections, the FCRA protects the rights of employees to work in a safe workplace free from harassment or abuse.

70. The conduct to which Plaintiff was subjected to, as outlined above, was severe, pervasive, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of the FCRA.

71. The harassing conduct Plaintiff was subjected to was perpetrated against him as a result of being (65) years-old.

72. The harassment Plaintiff was subjected to rose to a level that would dissuade a reasonable worker from making or supporting a charge of discrimination.

73. Defendant's alleged bases for the adverse conduct against Plaintiff are pretextual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of their conduct.

74. As a result of the hostile work environment to which Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Award any other compensation allowed by law including punitive damages

E. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

G. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI

### RETALIATION UNDER TITLE III OF THE FCRA

75. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-74 of this complaint as if set out in full herein.

76. Plaintiff is a member of a protected class under the FCRA.

77. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

78. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

79. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

80. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

81. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

82. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Award any other compensation allowed by law including punitive damages

E. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

G. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: April 13, 2022

**_Jason Tenenbaum, Esq._**
Florida Bar No.: 0670200
Attorney for Plaintiff
The Felicetti Law Firm PLLC,
1600 Ponce De Leon Boulevard, Suite 807
Coral Gables, FL 33134
Telephone: (305) 998-7000
Fax: (954) 206-2506
Email: Jason@felicettilawfirm.com